UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPARTAN MOTORS USA, INC.,
a South Dakota corporation,

    Plaintiff,

v

API HEAT TRANSFER THERMASYS
CORPORATION, a Delaware corporation,

    Defendant.

Case No. 2018-_____

HON. _____

Jon M. Bylsma  (P48790)
Michael J. Roth  (P51795)
VARNUM, LLP
Attorneys for Plaintiff
333 Bridge Street, N.W., Suite 1700
Grand Rapids, MI  49504
(616) 336-6000
jmbylsma@varnumlaw.com
mjroth@varnumlaw.com

# COMPLAINT

NOW COMES Plaintiff, Spartan Motors USA, Inc. ("Spartan Motors"), by and through its counsel, VARNUM LLP, and hereby states the following as its Complaint against Defendant, API Heat Transfer Thermasys Corporation ("Defendant"):

## NATURE OF ACTION

1.    This is a lawsuit to recover damages that Spartan Motors incurred as a result of defective cooling systems that Defendant supplied to Spartan Motors for use in the chassis it manufactures for luxury motor homes.  In connection with its sales of custom cooling systems, Defendant executed Spartan Motors' Supplier Warranty Agreement in which Defendant

1

represented and warranted that its cooling systems were merchantable, of good material, workmanship and quality, fit for the purposes for which Spartan Motors intended to use them and were otherwise free from faults and defects. A substantial number of the cooling systems that Defendant supplied failed in that they leaked extensively while being used in their intended manner. Spartan Motors seeks to recover over $2,800,000 in costs and expenses incurred as a result of the premature and pervasive failure of Defendant's cooling systems and additional damages for now anticipated future failures.

## JURISDICTION AND VENUE

2. Spartan Motors is a corporation organized and existing under the laws of the state of South Dakota and has principal place of business in Charlotte, Michigan which is located within the geographic boundaries of the United States District Court for the Western District of Michigan.

3. For purposes of diversity jurisdiction, Defendant is a resident of the states of New York and Delaware as it is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in Buffalo, New York.

4. The actions giving rise to this lawsuit occurred, in part, within the geographic boundaries for the United States District Court for the Western District of Michigan.

5. The amount in controversy in this matter exceeds $75,000. Therefore, diversity jurisdiction is appropriate pursuant to 28 U.S.C. §1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

7. Spartan Chassis, Inc. and API Heat Transfer entered into a Supplier Warranty Agreement ("SWA") in which API Heat Transfer agreed to supply cooling systems to Spartan

Chassis, Inc. that were subject to an express warranty. (The SWA is attached as **Exhibit 1**). Specifically, the warranty provided:

> 4.) Supplier makes the following warranty with respect to the components:
>
> a.) **Warranty:** Supplier represents and warrants to Spartan that (1) the components will be merchantable, of good material, workmanship and quality, fit for the purposes for which Spartan intends them and free from faults and defects…Spartan's approval of sample, drawing, specification or standard shall not relieve Supplier of any of its warranties, including, without limitation, its warranties of merchantability, fitness and compliance with laws. Supplier's warranties extend to future performance of the components and survive inspection, tests, acceptance and payment and shall be considered to have been given not only to Spartan but also to Spartan's customers and end-users.

8.  Duly authorized representatives of Spartan Chassis, Inc. and API Heat Transfer executed the SWA.

9.  Spartan Chassis, Inc. was an assumed name for Spartan Motors Chassis, Inc. which merged into Spartan Motors on or about July 1, 2015.

10. API Heat Transfer merged with Thermasys Corporation in 2012 to create Defendant, API Heat Transfer Thermasys Corporation.

11. Defendant supplied cooling systems to Spartan Motors for use in its motor home chassis subject to the express warranties set forth in the SWA.

12. Defendant supplied the cooling systems subject not only to the terms of the SWA, but also pursuant to Spartan Motors' Standard Terms and Conditions (attached as **Exhibit 2**) which allow for Spartan Motors to recover all direct, consequential and incidental damages arising from Defendant's breach of the SWA and Terms and Conditions.

13. After Spartan Motors incorporated the cooling systems in its motor home chassis as the parties had foreseen and intended, the cooling systems began to fail by leaking at several different points within the cooling system all of which occurred within the three year and 50,000 mile limitation set forth in the SWA.

14. Spartan Motors promptly informed Defendant of the nature and extent of the cooling system failure and initiated the chargeback process for replacement of the defective and leaking cooling systems.

15. Despite having executed the SWA, receiving notice of the warranty claims in timely fashion and such claims being otherwise subject to the express warranty set forth in the SWA, Defendant has failed and refused to comply with its obligations under the SWA and, instead, has denied all of Spartan Motors' warranty claims.

16. To date, Spartan Motors has incurred over $1,800,000 in costs and expenses as a result of the premature failure of Defendant's cooling systems.

17. Spartan Motors anticipates incurring more than $1,000,000.00 in additional costs and expenses in correcting the premature failure of Defendant's cooling systems based on their historical failure rate.

18. Additionally, Spartan Motors has suffered lost profits and damage to its business goodwill and reputation as a result of the defective cooling systems that Defendant supplied.

## COUNT I: BREACH OF CONTRACT

19. Spartan Motors hereby realleges its allegations in paragraphs 1 through 18 as though fully set forth herein.

20. The SWA and Terms and Conditions referenced herein constitute a valid and binding contract between the parties.

21. Defendant's act of supplying cooling systems that leaked and that were otherwise not merchantable, not of good material, of poor workmanship and quality and not fit for the use intended constitutes a breach of the contract between the parties.

22. Spartan Motors has been damaged by these breaches of contract in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, Spartan Motors respectfully requests that judgment be entered in its favor and against Defendant in an amount in excess of $75,000 and that it be awarded costs, interest, attorneys' fees, and any other legal or equitable relief to which it is entitled.

### COUNT II: BREACH OF EXPRESS WARRANTIES

23. Spartan Motors hereby realleges its allegations in paragraphs 1 through 22 as though fully set forth herein.

24. Defendant has failed to meet the express warranties of performance specified in the Paragraph 4 of the SWA. Specifically it failed to supply cooling systems that were merchantable, of good material, workmanship and quality, that were fit for the use intended and that were free from faults and defects.

25. Spartan Motors has incurred direct, consequential and incidental damages as a direct and proximate result of Defendant's breaches of warranty in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, Spartan Motors respectfully requests that judgment be entered in its favor and against Defendant in an amount in excess of $75,000 and that it be awarded costs, interest, attorneys' fees, and any other legal or equitable relief to which it is entitled.

### COUNT III: BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

26. Spartan Motors hereby realleges its allegations in paragraphs 1 through 25 as though fully set forth herein.

27. Defendant knew the specific intended purposes, use and application for the cooling systems.

28. By offering the cooling systems for sale, Defendant warranted that the cooling systems were merchantable, fit to be sold, did not have significant defects and would work as intended.

29. Spartan Motors relied on the skill and expertise to Defendant to design, manufacture and supply cooling systems that were merchantable.

30. Defendant has failed to meet the warranty of merchantability implied by the Uniform Commercial Code and/or common law because the cooling systems were not fit to be sold and had significant defects in that they pervasively leaked and did not work when used as intended.

31. Spartan Motors relied on the skill and expertise of Defendant to design, manufacture and supply cooling systems suitable for Spartan Motors' intended use and application.

32. Defendant has failed to meet the warranty of fitness for a particular purpose implied by the Uniform Commercial Code and/or common law in that the cooling systems supplied pervasively failed when used in their foreseeable and intended manner.

33. Spartan Motors has been damaged by Defendant's breaches of the implied warranties of merchantability and fitness for a particular purpose in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, Spartan Motors respectfully requests that judgment be entered in its favor and against Defendant in an amount in excess of $75,000 and that it be awarded costs, interest, attorneys' fees, and any other legal or equitable relief to which it is entitled.

        Respectfully submitted,
        VARNUM LLP
        Attorney for Plaintiff

Dated: July 18, 2018        By: /s/Jon M. Bylsma
            Jon M. Bylsma (P48790)
            Michael J. Roth (P51795)
        Business Address and Telephone:
            333 Bridge Street, N.W., Suite 1700
            Grand Rapids, MI 49504
            (616) 336-6000
            jmbylsma@varnumlaw.com

13773993_1.DOCX